UNITED STATES *v.* COX & FAHNER (STEEL UNION SHEET PILING, INC.) ET AL.

AND

COX & FAHNER (STEEL UNION SHEET PILING, INC.) ET AL. *v.* UNITED STATES

No. 5809.—Invoices dated Dusseldorf, Germany, June 16, 1937, etc.
Certified June 17, 1937, etc.
Entered at New York, N. Y., June 30, 1937, etc.
Entry No. 896373, etc.

### Third Division, Appellate Term

(Order dated February 4, 1943)

*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the United States, for the motion.
*Eugene R. Pickrell* for the importers, against the motion.

Before CLINE, KEEFE, and EKWALL, Judges

#### ORDER

KEEFE, Judge: Motion before us here was made by the Government to dismiss as premature the importers' application for review of the trial court's interlocutory order of June 22, 1942, published in Reap. Dec. 5665, and also the order of August 10, 1942, not published.

The record discloses that the reappraisements involved certain merchandise appraised on the basis of foreign value. The trial court, in reviewing the facts, found that there was no foreign value for the merchandise and also no export or United States value, and issued the order following:

Although, in my opinion, the plaintiffs have proved that the appraiser erred in finding a foreign value for the merchandise herein, nevertheless they failed to prove either an export value or a United States value for said merchandise. Under all the circumstances, however, I feel constrained to deny the Government's motion to dismiss the within appeals, and grant the Government an exception to this ruling, and in the exercise of my discretion I direct that the within appeals be restored to the docket for the purpose of giving the plaintiffs herein an opportunity to prove the cost of production of said merchandise.

The importers filed an application for review by an appellate division of the conclusions reached by the trial court and the Government, to preserve its rights, filed a cross-appeal, and the clerk of the court certified the record to the Third Division. The cases were also called for hearing before the trial court after certification of the record to the division and they are now on the docket of the trial court under the foregoing order and also on the docket of this division for review.

The Government contends that the trial court has not yet rendered a final decision, or issued a final judgment order, which is subject to review by an appellate division of the Customs Court under the provisions of section 501 of the Tariff Act of 1930, citing as authority the *Prudential Lumber Corp.* v. *United States*, Reap. Dec. 3608, and *F. H. Kaysing et al.* v. *United States*, Reap. Dec. 3794.

In opposing the Government's motion to dismiss, the importers contend that the authorities cited by the Government were overruled in the case of *United States* v. *Elliot, Greene & Co. et al.*, 28 C. C. P. A. 177, C. A. D. 141, and also *Sears, Roebuck & Co., et al.* v. *United States*, 30 C. C. P. A. 10, C. A. D. 207.

Section 501 of the Tariff Act of 1930 provides in part as follows:

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT.

* * * *Every such appeal* shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court and *shall be assigned to one of the judges, who shall,* after affording the parties an opportunity to be heard, *determine the value of the merchandise.* * * *.

*The judge shall,* after argument on the part of any of the interested parties requesting to be heard, *render his decision in writing* together with a statement of the reasons therefor and of the facts on which the decision is based. *Such decision shall be final and conclusive upon all parties unless within thirty days from the date of the filing of the decision with the collector an application for its review shall be filed with or mailed to the United States Customs Court* * * *. Every such application shall be assigned by the court to a division of three judges, who shall consider the case upon the samples of the merchandise, if there be any, and the record made before the single judge, and,* after hearing argument on the part of any of the interested parties requesting to be heard, *shall affirm, reverse, or modify the decision of the single judge or remand the case to the single judge for further proceed-*

*ings, and shall state its action in a written decision,* to be forwarded to the collector, setting forth the facts upon which the finding is based and the reasons therefor. *The decision of the United States Customs Court shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs and Patent Appeals upon a question or questions of law only* within the time and in the manner provided by section 198 of the Judicial Code, as amended. [Italics not quoted.]

The authorities relied upon by the Government contain facts that are practically on all fours with the facts in the instant case. In the *Prudential Lumber Corp.* case, *supra,* the single judge stated at the close of the trial that no evidence had been presented upon which a finding of foreign or export value could be made. The Government there moved to dismiss the appeal and upon denial of the motion the Government proceeded with its evidence. After a consideration of all the evidence the trial court there made the following order:

* * * since I am unable to find export values for the merchandise on the dates of shipment I am restoring the cases to the calendar with the view of having evidence submitted for the purpose of establishing United States values therefor, and if that be impossible that recourse may be had to the cost of production as defined by the statutes.

Both parties appealed. This appellate division cited section 501 of the Tariff Act of 1930 granting the rights of appeal for reappraisement and quoted therefrom the following:

* * *. Every such appeal * * * shall be assigned to one of the judges, who shall, after affording the parties an opportunity to be heard, *determine the value of the merchandise.* [Italics not quoted.]

and in dismissing the appeals stated as follows:

The point we are making is that the only duty imposed upon the single judge sitting in reappraisement is that of finding value, and only from that finding, in our opinion, is an appeal granted. It is true that the same section of the law states that the decision of the single judge is subject to appeal, but his decision under the authority by which it came to him, is or should be a decision as to the value of the merchandise. *In the instant case he has not found a value for the merchandise in question. He has stated that upon the record he could not do so.* [Italics not quoted.]

The importer in this instance made his own issue as he had a right to do and that was that the appraised value, admitted by the Government to be the export value, was incorrect. He undertook to prove what he claimed was the correct export value. If he failed in that respect then the statute prescribes the course to be taken inasmuch as it is stated that the burden is upon the importer to overcome the presumption of correctness which attaches to the appraiser's action. If he has not succeeded in that respect, the court should have found that the appraised values, following the mandate of the statute, were the correct dutiable values. *Not having followed the course prescribed by statute but having made what appears to us to be only an interlocutory order, and not having rendered a final decision as to the dutiable value of the merchandise, there is no appealable decision before us which we can either affirm, reverse, or modify.* [Italics not quoted.]

In the *Kaysing* case, *supra,* the issue was almost identical with the foregoing case. There, when before the single judge, both parties

contended that the cost of production was the correct basis for arriving at the dutiable value but the importer contended the entered prices constituted such values whereas the Government contended that the appraised prices represented the cost of production. After the submission the trial court stated he was satisfied from an examination of the record that he was responsible for the failure to establish the United States value because he had not allowed the Government "to elicit information as to the price in the United States of the commodities in question," and therefore restored the cases to the docket for the purpose of establishing the correct dutiable values. Upon appeal for review the appellate division in its decision referred to certain parts of section 501 and stated that Congress placed upon the single judge the duty of determining the dutiable value of the merchandise but that the trial court had not found a value. In fact the court merely ordered the cases restored to the docket for the purpose of establishing the correct dutiable value of the merchandise, and the appellate division stated in that regard as follows:

* * * we think his order in doing so is not a decision of the single judge, but is merely an interlocutory order. In view of this, in our judgment, there is no appealable decision before us which we could either affirm, reverse, or modify.

We are also of the opinion that we have no jurisdiction to entertain applications for review in these cases at this stage of the proceedings, and we so hold, and the cases are remanded to the single judge for further action according to the statute. * * *.

It is so ordered.

The conclusion reached in the foregoing decisions is, in effect, affirmed in the case of *United States* v. *International Graphite & Electrode Corp.*, 25 C. C. P. A. 74, T. D. 49066, where the trial court, after the submission of the case by both parties, was unable to find a value for the merchandise and upon its own motion returned the cases to the docket for further evidence. After taking additional evidence, the trial court rendered its decision as to the value of the merchandise. When coming before the appellate division of this court upon appeal, the Government contended that the court below had erred in reopening the case after submission, and asked that the case be remanded to the trial court with directions to dismiss. This the appellate division refused to do, and affirmed the value found by the trial court. Upon appeal to our appellate court the contention was again made that the importer's appeal should have been dismissed by the trial judge, who, it was contended, had no power to reopen the case on his own motion. Upon this point our appellate court stated:

It is within the inherent power of courts of the United States, in the absence of a statute to the contrary, to reopen a case for the purpose of permitting the introduction of additional evidence, or for any other purpose "consonant with justice and a correct decision" at any time before a final judgment has been entered.

*The exercise of that power lies within the sound discretion of the court, and is not subject to review, unless there has been an abuse of such discretion.* Ordinarily, such power is exercised on motion by one of the parties. That a United States court has the power to reopen a case on its own motion for the purpose of permitting the introduction of additional evidence in the interest of justice, so long as formal notice is given the parties whose rights are to be affected so that they may be present and cross-examine the witnesses called, is not open to serious question.

\* \* \* \* \* \* \*

No claim is made here that the Government has been prejudiced in any way, or has suffered any injustice as a result of the reopening of the case. We are unable to hold, therefore, that the trial court's action amounted to an abuse of its discretion. [Italics not quoted.]

In reaching its conclusion the court noted that a similar course was taken by McClelland, Presiding Judge, in the case of *Prudential Lumber Corp. et al.* v. *United States, supra.*

An examination of the authorities cited by the plaintiffs is convincing that they are not in point here. The *Elliot, Greene & Co.* case, *supra,* involved an appeal from the judgment of the Second Division affirming the judgment of the trial court holding the dutiable values of a portion of the merchandise to be the value returned by the appraiser. After a full consideration of the record, the trial judge reappraised the merchandise and duly entered judgment affirming the appraised values of certain of the involved items, and advancing the values of other items to the values claimed by the Government. The Government appealed to an appellate division of this court. In considering the record made below the appellate division noted that two of the exhibits had not been certified in accordance with section 501, and held that the admission of the reports by the trial court was error. The court excluded them from the record and rendered judgment reversing the trial court and remanding the case for the purpose of deciding the same on the record without the two excluded reports. When the case again was before the single judge a motion was made to reopen the case for the purpose of permitting the exhibits to be certified. The motion was denied on the ground that the judgment of the appellate court was mandatory and the case could be decided only on the record as made with the reports excluded. Thereupon the trial court considered the record in accordance with the mandate and adjudged the dutiable value to be the values found by the appraiser. The Government then filed another application for review alleging that the trial court erred in denying the motion to reopen the case. The appellate division affirmed the judgment appealed from but did not pass upon the alleged error of the trial court in refusing to reopen the case. From this second judgment of the appellate division, an appeal was taken to our appellate court. The appellate court cited that portion of section 501, *supra,* relating to applications for review and providing that a division of three judges shall affirm, reverse, or modify the decision of the single judge or remand the case to the

single judge for further proceedings, and that such decision shall be final and conclusive upon all parties unless an appeal shall be taken to the Court of Customs and Patent Appeals upon a question or questions of law only. The court found that the appellate division in its first decision acted within its statutory authority, as it reversed the judgment appealed from and remanded the case to the trial court for the purpose of deciding the same on the record as made with the reports excluded. As to the jurisdictional question the appellate court stated:

\* \* \*. There can be no question but that Congress may provide for appeals, even from interlocutory judgments; and when Congress declared, in section 501, supra, that:

\* \* \*. The decision of the United States ·Customs ·Court shall be final and conclusive upon all parties unless an appeal shall be taken by either party to the Court of Customs and Patent Appeals upon a question or questions of law only within the time and in the manner provided by section 198 of the Judicial code, as amended.

it intended, in our opinion, to permit an appeal from a judgment such as the first one herein.

It is too late now for the Government to contend that it has not had its day in court. It has had as fair an opportunity as any litigant in any court to pursue its remedy as defined by law. This it failed to do, and the reason for its failure cannot be considered here.

The *Sears* case, *supra*, involved an appeal from an interlocutory judgment of the Third Division reversing the judgment of the trial court and remanding the case for reconsideration on the record "giving no weight to the evidence contained in exhibit 1." The appellate court there stated that such an appeal was proper procedure under its ruling in the *Elliot* case, *supra*, and that the question presented was whether or not the appellate division erred as a matter of law in holding that such exhibit was not competent and should not have been received in evidence by the trial court.

It will be noted that the cases cited by the plaintiffs were before our appellate court upon appeal from appellate divisions of this, the United States Customs Court. The cases cited by the Government, however, were upon appeal from a single judge to an appellate division. An examination of the statute is convincing that the decisions of our appellate court and the decisions of our appellate divisions are not in conflict because different provisions of section 501 were being construed by the appellate court and the appellate divisions.

It is clear from the foregoing decisions that a trial judge, sitting in reappraisement, is directed to render a decision finding a value for the merchandise before him. From such decision an appeal may be taken to an appellate division. The appellate division to which the case is assigned may affirm, reverse, or modify such decision, or remand the case for further proceedings. If the appellate division adopts any one of the determinations provided by statute, the particular determi-

nation is appealable to the Court of Customs and Patent Appeals. That is true even though it is nothing more than an interlocutory judgment, the appellate court holding that Congress may provide for appeals, even from interlocutory judgments, and that the judgment rendered by the appellate division in the *Elliot* case, *supra*, was of such nature. However, when such an interlocutory order as is involved herein is rendered by a trial court, under the authority of *International Graphite & Electrode* case, *supra*, and the *Prudential Lumber* case, *supra*, an appeal will not lie.

For the reasons stated, we are of the opinion that the applications for review of the action of the trial court herein are premature, and clearly not within the jurisdiction of the appellate division until a final decision has been rendered by the trial court determining the value of the merchandise; therefore

Upon reading and filing of Government's motion to dismiss the importers' application for review of the interlocutory orders herein, and the memorandum in support thereof; and upon reading and filing the appellants' memorandum in opposition thereto; now upon careful consideration thereof and of all the papers in the cases, it is

ORDERED, that the aforesaid motion be, and the same is hereby granted, and the importers' application for review be accordingly dismissed without prejudice, and the application for review filed herein by the Government also be hereby dismissed without prejudice, *sua sponte*, and the papers be returned to the trial court for final decision as provided in section 501 of the Tariff Act of 1930.